UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SEARS LOGISTICS SERVICES, INC.** | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:14CV-999 |
| **PHOENIX WAREHOUSE,** | : | Judge Watson |
| Defendant. | : | Magistrate Judge Kemp |

## **DEFENDANT PHOENIX WAREHOUSE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC # 1) FOR FAILURE TO STATE A CLAIM PURSUANT TO CIVIL RULE 12(b)6**

Plaintiff Sears Logistics Services, Inc. ("Sears") alleges that it overpaid rent to Defendant Phoenix Warehouse ("Phoenix") because "for reasons unknown"[1] it paid more rent than called for by a lease amendment over a period of six years, e.g. $3.35 a square foot instead of $3.00.[2] But these voluntary payments, if a mistake, are a mistake of law, not fact. Under Ohio law, Sears is not entitled to recover such payments.

Further, Sears alleges only one cause of action, "Money Had and Received/Unjust Enrichment." Absent fraud or illegality, a party to an express agreement may not bring a claim for unjust enrichment. Here, the lease expressly governs the relationship between the parties as to the premises and rent. Thus, Sears' equitable claims – the only claims asserted here – fail to state a cognizable claim and should be dismissed.

Accordingly, the Court should dismiss Sears' complaint for failing to state a claim.

---

[1] Doc # 1 at ¶12
[2] Doc # 1 at ¶11.

**Applicable Civ. R. 12(b)(6) standard.**

This Court in *Wears Kahn McMenamy & Co. v. JPMorgan Chase Bank, N.A.*,[3] stated the following: "'Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a lawsuit for 'failure to state a claim upon which relief can be granted.' A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.[4] The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." [5]

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations.[6] Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly.*[7] Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal.*[8]

**There is no restitution in the event of a voluntary payment or mistake of law**.

Ohio recognizes the voluntary payment doctrine. *Salling v. Budget Rent-A-Car Systems, Inc.*[9], *Nationwide Life Ins. Co. v. Myers*.[10] Simply stated, a person who

---

[3] 2013 U.S. Dist. LEXIS 55628 (S.D. Ohio Apr. 18, 2013).
[4] Citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).
[5] *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).
[6] *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).
[7] 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[8] 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[9] 672 F.3d 442, 444 (6th Cir. 2012).

voluntarily pays another with full knowledge of the facts will not be entitled to restitution. *Scott v. Fairbanks Capital Corp.*[11] As stated in *Wears Kahn McMenamy & Co. v. JPMorgan Chase Bank, N.A.*,[12] "[w]hen a party with knowledge of the facts, but without legal liability to do so, pays money voluntarily, that person has no claim to recovery for the monies so paid."  "A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Nationwide Life Ins. Co. v. Myers*.[13]

**Sears had full knowledge of the facts and did not make a mistake of fact.**

The general rule is that money paid under the mistaken supposition of the existence of a specific fact *** may be recovered as a mistake of fact. *Firestone Tire & Rubber Co. v. Central Nat. Bank of Cleveland*.[14] As a result, Sears specifically alleged that its payment was "based on a mistake of fact" at ¶18, implying that Sears mistakenly supposed that it owed $3.35 a square foot, to escape the consequences of making a mistake of law. This "legal conclusion couched as a factual allegation" is not sufficient, *see, e.g., Cook v. Home Depot U.S.A., Inc.*,[15] (applying voluntary payment doctrine in motion to dismiss, finding that the plaintiff's voluntary payment of charges was not caused by a mistake of fact, despite the plaintiff's assertion).

---

[10] 425 N.E. 2d 952, 955 (Ohio Ct. App. 1980).
[11] 284 F. Supp. 2d 880(S.D. Ohio 2003), citing *Randazzo v. Harris Bank Palatine*, 262 F.3d 663, 667 (7th Cir. 2001).
[12] 2013 U.S. Dist. LEXIS 55628 (S.D. Ohio Apr. 18, 2013) citing *Culberson Transp. Serv., Inc. v. John Alden Life Ins. Co.*, No. 96APE11-1501, 1997 Ohio App. LEXIS 2854, 1997 WL 358857, *7 (Ohio Ct. App. 1997) (citing *Farm Bureau Mut. Auto. Ins. Co. v. Buckeye Union Cas. Co.*, 147 Ohio St. 79, 67 N.E.2d 906, 911 (Ohio 1946)).
[13] 67 Ohio App. 2d 98, 103 (Ohio Ct. App., Summit County 1980), citing *Cincinnati v. Gas Light & Coke Co.* (1895), 53 Ohio St. 278, paragraph three of the syllabus.
[14] 159 Ohio St. 423, 50 Ohio Op. 364, 112 N.E.2d 636 (1953).
[15] No. 2:06-cv-571, 2007 U.S. Dist. LEXIS 15679, 2007 WL 710220 (S.D. Ohio Mar. 6, 2007) (Smith, J.)

Sears' own complaint specifically refutes its own assertion. Sears' complaint attaches the relevant lease amendment it executed in which the rent rate was modified. Sears does not claim that it mistakenly believed (or supposed) that it owed rent of $3.35 per square foot after June 6, 2008, rather its actual claim is that it, despite having full knowledge of the contractual rate, for "reasons unknown,"[16] it failed to modify its internal procedures to account for the lease amendment. This may have been a mistake, but it is not a mistake of fact. It is a mistake of law, in that Sears failed to properly interpret the applicable lease amendment and paid more than the amount required.

**Application of law to fact.**

Unsurprisingly, few tenants pay more rent than called for by their lease, so there are relatively few cases with similar fact patterns. In Ohio, in *Consolidated Mgmt. v. Handee Marts*,[17] Handee Marts asserted a counterclaim, alleging it had overpaid its rent between 1984 and 1993 under the terms of the lease. The court held that Handee Marts' miscalculation of its rent obligation was a mistake of law, rather than a mistake of fact.[18] In reaching this conclusion, the court relied upon 73 *Ohio Jurisprudence* 3d 74's formulation of the relevant doctrines: "[m]oney voluntarily paid on a claim of right with full knowledge of all the facts, in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the party, at the time of payment, was ignorant of, or mistook, the law as to his liability. Also, a payment made by reason of erroneous construction of the terms of a contract *** is not made under a mistake of fact but under a mistake of law, and if voluntarily made cannot be recovered back."

---

[16] Doc # 1 ¶12.
[17] 109 Ohio App. 3d 185, 187(Ohio Ct. App., Cuyahoga County 1996).
[18] *Id.* at 109 Ohio App. 3d 185, 190.

In *Sunpro, Inc. v. Rice Drilling B. LLC*,[19] the Northern District of Ohio applied Pennsylvania's voluntary payment doctrine, which does not differ from Ohio's doctrine. The doctrine as stated in Pennsylvania is that "one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him...cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law."[20]

*Sunpro* looked to A*cme Mkts., Inc. v. Valley View Shopping Ctr., Inc.*[21] for guidance. In *Acme*, the lease provided for a tenant to contribute to parking lot lighting and maintenance and real estate taxes during the initial term. After renewal of the lease for a second term, the tenant continued to pay toward parking lot maintenance and real estate taxes – payments not required by the lease during a renewal term and later sued to recover these amounts. The court denied recovery to tenant stating: "the mistake alleged by Acme is clearly a mistake of law and not a mistake of fact. The money it seeks to recover was voluntarily and deliberately paid by Acme to its lessor because of an interpretation of the lease agreement which Acme, according to the complaint, mistakenly placed thereon. Such a mistake was a mistake of law. Because the payments were made under a mistake of law in interpreting the lease, there can be no recovery in this action."[22]

New York also follows the voluntary payment doctrine, e.g. the "doctrine bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Dillon v. U-A Columbia Cablevision*

---

[19] 2013 U.S. Dist. LEXIS 20892 (N.D. Ohio Feb. 15, 2013).
[20] *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 603 Pa. 198, 983 A.2d 652 (2009), quoting *In re Kennedy's Estate*, 321 Pa. 225, 183 A. 798, 802 (1936).
[21] 342 Pa.Super. 567, 493 A.2d 736 (1985).
[22] *Id*. at 342 Pa. Super. 567, 570-571(Pa. Super. Ct.1985).

of Westchester, Inc.[23] In *Citicorp N. Am., Inc. v. Fifth Ave. 58/59 Acquisition Co., LLC*[24], the court held that the voluntary payment doctrine barred lessee from recovering the $564,000 lessee claimed it overpaid due to landlord's improper calculations of a rent escalator clause, stating: "it is undisputed that plaintiffs, highly sophisticated entities, made no inquiry for approximately nine years regarding the amount of rent they were paying, and never compared the rent provisions of their lease to the rent amounts invoiced by defendants in order to determine if they were being overcharged. Rather, they paid the invoiced rent amounts "without protest or even inquiry, and were not laboring under any material mistake of fact when they did so[."] * * * Making such payments without any effort to learn what their legal obligations were demonstrated a clear lack of diligence on plaintiffs' part."

Sears, having full knowledge of the facts, miscalculated the rent owed under the lease amendment and voluntarily paid more rent than was required under the lease amendment as a result of that miscalculation. Sears' complaint makes no claim of fraud, duress, or compulsion. Sears' complaint offers no substantive allegation as to why they made such payments some 72 times over six years, demonstrating a clear lack of diligence. This is a mistake of law and under Ohio law, such payments cannot be recovered.

**The existence of the lease contract precludes a claim for unjust enrichment**.

Sears asserts one count for "Money Had and Received/Unjust Enrichment." A case for money had and received is an equitable claim like *quantum meruit* or unjust

---
[23] 100 N.Y.2d 525, 526 (N.Y.2003).
[24] 70 A.D.3d 408, 895 N.Y.S.2d 39 (2010).

enrichment. *Cecil & Geiser, LLP v. Plymale.*[25] As such, Phoenix's discussion of the unjust enrichment claim is also responsive the claim for money had and received.

In the absence of bad faith or fraud, an equitable action for unjust enrichment will not lie when the subject of the claim is governed by an express contract. *Maghie & Savage, Inc. v. P.J. Dick Inc.*[26] Sears makes no allegation of bad faith or fraud within its complaint.

And the doctrine of unjust enrichment cannot apply when an express contract exists. *Homan, Inc. v. A1 AG Servs., LLC et al.*[27] Here, Sears' complaint attaches the lease and amendment that governs the relationship between the parties with regard to the premises and rent. As this Court has held, recovery under an unjust enrichment theory is precluded because the terms of the agreement define the parties' relationship. *Gascho v. Global Fitness Holdings*, LLC.[28] See also, this Court's holding in *Am. Coal Sales Co. v. N.S. Power Inc.*:[29] because unjust enrichment is an equitable theory of recovery that implies a contractual obligation in the absence of an express agreement, when an express agreement does in fact exist concerning the subject matter of the dispute, the terms and parameters of that express agreement define the parties' liability and unjust enrichment is inapplicable.

Given that Sears attached the relevant agreements that define the parties' relationship, Sears is estopped from asserting an equitable/quasi-contract theory. And Sears only asserts an equitable/quasi-contract theory. As a result, Sears has also failed

---

[25] 196 Ohio App. 3d 322, 328(Ohio Ct. App., Franklin County 2011).
[26] 2009-Ohio-2164, P33(Ohio Ct. App., Franklin County May 5, 2009), citing *Kucan v. Gen. Am. Life Ins. Co.*, 10th Dist. No. 01AP-1099, 2002 Ohio 4290, P39, citing *Rumpke v. Acme Sheet & Roofing, Inc.* (Nov. 12, 1999), 2d Dist. No. 17654, 1999 Ohio App. LEXIS 5392.
[27] 175 Ohio App. 3d 51, 59, 2008 Ohio 277, 885 N.E.2d 253 (3rd Dist. 2008).
[28] 863 F. Supp. 2d 677, 699(S.D. Ohio 2012).
[29] 2009 U.S. Dist. LEXIS 13550 (S.D. Ohio Feb. 23, 2009).

to state a claim on this basis, and again, the complaint should be dismissed for failure to state a claim.

**Conclusion**.

Accepting as true all the plaintiff's factual allegations within the complaint and upon review of the attachments thereto, Sears Logistics Services, Inc.'s complaint should be dismissed for failure to state a claim, as Sears' made a voluntary payment, that if a mistake, was a mistake of law. Further, Sears cannot assert an equitable claim given the existence of the written agreements between the parties that governs the subject matter of the claim. Again, and upon this separate basis, Sears Logistics Services, Inc.'s complaint should be dismissed for failure to state a claim.

Respectfully submitted,

**LANE, ALTON & HORST LLC**

/s/ *Edward G. Hubbard*

_____
Edward G. Hubbard      (0067784)
Two Miranova Place, Ste. 500
Columbus, Ohio 43215-7052
614-228-6885; 614-228-0146 fax
ehubbard@lanealton.com
*Trial Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was duly served via the court's electronic filing system on this 26th day of September, 2014, upon the following:

Charles E. Tichnor, III
Gregory P. Mathews
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, Ohio 43215
***Attorneys for Plaintiff***

/s/ *Edward G. Hubbard*
_____
Edward G. Hubbard	(0067784)