# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Sears Logistics Services, Inc., | |
| Plaintiff, | Case No. 2:14-cv-999 |
| v. | Judge Watson |
| Phoenix Warehouse, | Magistrate Judge Kemp |
| Defendant. | |

**Plaintiff's Memorandum in Opposition to Defendant's
Motion to Dismiss Plaintiff's Complaint**

## Introduction

This case involves mistaken payments Plaintiff Sears Logistics Services, Inc. made to its landlord, Defendant Phoenix Warehouse, over the course of six years. The overpayments resulted from Sears Logistics' failure to update its automated electronic-payment system to reflect new lease terms. In total, Phoenix Warehouse received an extra $1,591,799.70 without providing any additional consideration to Sears Logistics. Although Phoenix Warehouse does not claim a legal right to the funds, it still will not return the money. Phoenix Warehouse argues that it can keep the money under the voluntary-payment doctrine, which generally limits restitution when a payor made payments under a mistake of law. But the allegations in Sears Logistics' complaint show that the error here was factual, not legal, and the voluntary-payment doctrine does not apply. Under Ohio law, equity demands restitution.

## Pleading Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to [the]

plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and accept the plaintiff's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The question is whether the claim has "facial plausibility." *Id.* at 678. The court must be able to reasonably infer from the pleaded facts that the defendant is liable. *Id.* This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Factual Allegations**

Sears, Roebuck and Co. entered into an Industrial Building Lease ("Original Lease") with Rosewood Construction, Inc. in June 1988. (Doc. 1, Complaint at ¶ 5) Under the terms of the Original Lease, Sears, Roebuck and Co. leased 758,000 square feet of warehouse space from Rosewood. (*Id.* at ¶ 6-7) Phoenix Warehouse is the successor in interest to the landlord. (*Id.* at ¶ 6) Sears Logistics is successor in interest to the tenant. (*Id.*)

The initial term of the Original Lease was ten years, with the per-square-foot rental rate increasing yearly during the initial term. (*Id.* at ¶ 8) The tenant had four additional five-year renewal option periods, with the rental rate increasing for each successive option period. (*Id.*) In June 2007 (during the second option period), under the terms of an Amendment to Lease, Sears Logistics and Phoenix Warehouse agreed to amend the Original Lease to extend the third option period from five to seven years and to decrease the rental rate from $3.35 to $3.00 per square foot. (*Id.* at ¶ 9)

From June 2003 through June 2008 (the second option period), the rental rate was $3.05 per square foot, with monthly rent being $192,658.33. (*Id.* at ¶ 10) Under the terms of the Amendment to Lease, Sears Logistics was supposed to pay $3.00 per square foot beginning June 2008, for a monthly payment of $189,500. (*Id.* at ¶ 11) But instead of decreasing rent payments, Sears Logistics mistakenly increased its payments to $3.35 per square foot—the rate provided in the Original Lease for the third option period. (*Id.*) This mistake occurred because Sears Logistics made the rent payments automatically through an electronic-payment system that previously had been

2

programmed to increase the payment amount consistent with the Original Lease. (*Id.* at ¶ 12) It is unknown why the payment system never was updated to reflect the new rate as agreed to in the Amendment to Lease. (*Id.*)

Sears Logistics therefore paid Phoenix Warehouse $211,608.33 per month from June 2008 through May 2014—an overpayment of $22,108.33 per month for 72 months, a total of $1,591,799.70. (*Id.* at ¶ 13) Phoenix Warehouse mistakenly accepted these overpayments over the course of six years without notifying Sears Logistics of the error. (*Id.* at ¶ 14) Once Sears Logistics discovered the mistake in 2014, it began paying rent at the correct rate of $3.00 per square foot. (*Id.* at ¶ 15) Phoenix Warehouse refused to repay the overpaid amounts, despite Sears Logistics' demand for restitution. (*Id.* at ¶ 16)

**Argument**

**A. Sear Logistics properly stated a claim for money had and received and unjust enrichment because its overpayments were due to a factual mistake, and Phoenix Warehouse has no legal or equitable claim to the funds.**

Sears Logistics has stated a claim for money had and received and is entitled to recover the excess payments from Phoenix Warehouse. A claim for money had and received is an equitable claim for unjust enrichment that "lies when one receives money from another without valuable consideration given on the receiver's part." *Hameroff/Milenthal/Spence, Inc. v. Grigg*, 10th Dist. Franklin No. 96AP-289, 1996 Ohio App. LEXIS 4598, *6 (Ohio App. Oct. 15, 1996) (citing *Hummel v. Hummel*, 133 Ohio St. 520, 14 N.E.2d 923 (1938)). "Ohio recognizes a cause of action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched." *W. Ohio Colt Racing Ass'n v. Fast*, 3d Dist. Mercer No. 10-08-15, 2009-Ohio-1303, 2009 Ohio App. LEXIS 1168, ¶ 53 (citing *Hummell* at 528). "The test is whether [the payee] has a right to retain the money, not whether he acquired possession honestly or in good faith. If the money belongs to [the payor] and [the payee] can show no legal or equitable right to retain it, he ought in

equity and good conscience, to pay it over." *Firestone Tire & Rubber Co. v. Cent. Nat'l Bank of Cleveland*, 159 Ohio St. 423, 434, 112 N.E.2d 636 (1953) (citation omitted). "A payer, even if negligent in making payment under a mistake of fact, may recover if his act has not resulted in a change in the position of the innocent payee to his detriment." *Id.* at 439. *Accord Forge Prop., Inc. v. Larmm Realty*, 114 Ohio App.3d 554, 557, 683 N.E.2d 798 (Ohio App. 1996). Sears Logistics has stated a claim on which relief can be granted because Phoenix Warehouse did not give valuable consideration for the payments, the overpayments resulted from a factual mistake, and Phoenix Warehouse has no legal or equitable claim to the funds. *See Firestone* at 433-434, 439.

    **1.**  **Phoenix Warehouse did not give consideration for the overpayments.**

Under the Amendment to Lease, Phoenix Warehouse agreed to lease 758,000 square feet of warehouse space to Sears Logistics in exchange for a monthly payment of $189,500. (Doc. 1, Complaint at ¶ 7, 11) As consideration, Phoenix Warehouse gave the right to occupy the warehouse while Sears Logistics gave $189,500 per month. When Sears Logistics mistakenly increased its payments to $211,608.33 per month, it did so apart from the parties' contract. Phoenix Warehouse gave no additional consideration to Sears Logistics for the excess payments in the amount of $22,108.33 per month.

    **2.**  **Sears Logistics' overpayments resulted from a mistake of fact.**

A mistake of fact "is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in (1) an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or (2) belief in the present existence of a thing or material to the contract which does not exist, or in the past existence of such thing which has not existed." *Consol. Mgmt. v. Handee Marts, Inc.*, 109 Ohio App.3d 185, 189, 671 N.E.2d 1304 (Ohio App. 1996) (quoting Black's Law Dictionary, Fifth Edition). Otherwise stated, a mistake of fact is "a mistaken supposition of the existence of a specific fact." *Sheet Metal Workers Local 98 v. Whitehurst*, 5th Dist.

4

Knox No. 03 CA 29, 2004-Ohio-191, 2004 Ohio App. LEXIS 173, ¶ 34 (citing *Firestone* at paragraph two of the syllabus).

Ohio courts have held that clerical errors and poor internal communication are factual mistakes, even if the payor theoretically could have avoided the overpayment. In *Sheet Metal Workers*, the payor "failed to delete from its computer system an instruction to send [the payee another check]." *Sheet Metal Workers* at ¶ 33. The court held that this was a mistake of fact. *Id.* at ¶ 34. In *Bank One Trust Co., N.A. v. LaCour*, 131 Ohio App.3d 48, 721 N.E.2d 491 (Ohio App. 1999), the court awarded restitution to the payor when the overpayment resulted from "poor internal communication" between two departments. *Id.* at 52-53. And in *Case W. Reserve Univ. v. Friedman*, 33 Ohio App.3d 347, 515 N.E.2d 1004 (Ohio App. 1986), the court held that payment made due to "clerical error" was a mistake of fact. *Id.* at 348. Under Ohio law, a payor may recover under a mistake of fact even if it acted negligently in some way. *Firestone*, 159 Ohio St. at 439; *Forge Prop.*, 114 Ohio App.3d at 557. *See also Cent. Nat'l Bank of Cleveland v. Int'l Sales Co.*, 87 Ohio App. 207, 218-219, 91 N.E.2d 532 (Ohio App. 1950) (quoting Restatement of Law of Restitution, Section 59) ("A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care.").

Sears Logistics did not merely state the legal conclusion that the overpayments were the result of a mistake of fact; it alleged facts that support that conclusion. Sears Logistics explained that the overpayments resulted from an inadvertent failure to update Sears Logistics' automatic-payment system. (Doc. 1, Complaint at ¶ 12) Ohio courts have concluded that this is type of mistake is factual.

### 3. Phoenix Warehouse has no legal or equitable right to retain the overpaid funds.

"If the money belongs to the payer and the payee can show no legal or equitable right to retain it he must refund it." *Firestone* at paragraph 5 of the syllabus. Phoenix Warehouse has no legal

5

right to retain the overpaid funds; it had the right to be paid $189,500 per month under the Amendment to Lease but nothing more. Therefore, any right to the funds must arise in equity.

Phoenix Warehouse's only equitable defense is that the voluntary-payment doctrine applies. Under Ohio law, that doctrine provides that "money voluntarily paid by one person laboring under a mistake of fact to another person who claims the right to such payment is generally recoverable, but money voluntarily paid as a result of a mistake of law is not." *Arlington Video Prod., Inc. v. Fifth Third Bancorp*, 569 Fed. Appx. 379, 389 (6th Cir. 2014). "Simply stated, 'a person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution.'" *Id.* (quoting *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 894 (S.D. Ohio 2003) (quoting *Randazzo v. Harris Bank Palatine*, 262 F.3d 663, 667 (7th Cir. 2001)). To successfully use the voluntary-payment defense, therefore, Phoenix Warehouse must show that (1) Sears Logistics made the overpayments due to a mistake of law, (2) Phoenix Warehouse claimed the right to the overpayments, and (3) Sears Logistics had full knowledge of the facts. Phoenix Warehouse fails to show any of these factors based on the factual record before the Court.

### a. Sears Logistics did not make a mistake of law because its error did not involve the interpretation of its lease obligations.

As explained above, Sears Logistics made a mistake of fact, not of law. A mistake of law exists when a party makes an incorrect construction of the terms of a contract. *See Sheet Metal Workers*, 2004-Ohio-191, 2004 Ohio App. LEXIS 173, at ¶ 33. This is consistent with the cases on which Phoenix Warehouse relies, which indicate that a mistake of law exists only when a party acts based on some type of wrong legal interpretation. *See Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 445 (6th Cir. 2012) (referring to "a wrong construction of the terms of a contract"); *Fairbanks Capital*, 284 F.Supp.2d at 894 (same); *Nationwide Life Ins. Co. v. Myers*, 67 Ohio App.2d 98, 103, 425 N.E.2d 952 (Ohio App. 1980) (same). Indeed, in *Handee Marts*, the court explained that a mistake of law is made "when a person, having full knowledge of the facts comes to an erroneous conclusion as

6

to their legal effect. *It is a mistaken opinion or inference, arising from an imperfect or incorrect exercise of judgment on facts as they are real.*" *Handee Marts*, 109 Ohio App.3d at 189 (quoting 73 Ohio Jurisprudence 3d (1986) 74) (emphasis added). Sears Logistics' error cannot be a mistake of law because it did not involve a mistaken interpretation of the Original Lease or Amendment to Lease.

The error here did not involve the construction of contract terms or the exercise of legal judgment; the Amendment to Lease unambiguously reduced the rent amount to $3.00 per square foot, and Phoenix Warehouse does not argue otherwise. Sears Logistics' mistake was based solely on a failure to update its electronic-payment system consistent with the Amendment to Lease. This distinguishes this case from the ones on which Phoenix Warehouse relies, which involved competing contract interpretations. *See, e.g.*, *Salling*, 672 F.3d at 445 (involving differing interpretations of a car rental agreement); *Handee Marts*, 109 Ohio App.3d at 188-190 (involving the differing interpretations of a lease); *Nationwide*, 67 Ohio App.2d at 103 (involving differing interpretations of an insurance contract). Because Sears Logistics did not make the overpayments as a result of an erroneous interpretation of the Amendment to Lease, its mistake could not have been legal. The voluntary-payment defense, therefore, is unavailable to Phoenix Warehouse.

### b. Phoenix Warehouse did not claim that Sears Logistics had to pay the extra funds.

For many of the same reasons, the pleaded facts show that Sears Logistics did not make the extra payments based on Phoenix Warehouse's "claim of right" to them. The Ohio caselaw that Phoenix Warehouse cites recognizes that the voluntary-payment doctrine applies only when money was "voluntarily paid by one person to another on a claim of right to such payment." *See, e.g.*, *Salling*, 672 F.3d at 444; *Wears Kahn McMenamy & Co. v. JPMorgan Chase Bank*, No. 2:12-cv-812, 2013 U.S. Dist. LEXIS 55628, *10 (S.D. Ohio Apr. 18, 2013); *Fairbanks Capital*, 284 F.Supp.2d at 894; *Nationwide*, 67 Ohio App.2d at paragraph 2 of the syllabus. Phoenix Warehouse does not argue that it made a "claim of right" to the overpayments, and the allegations in the complaint certainly do not

7

support that conclusion. Sears Logistics did not pay an additional $22,108.33 per month because Phoenix Warehouse asked it to, nor did Phoenix Warehouse advance an alternate interpretation of the Amendment to Lease that would entitle it to those additional payments. The voluntary-payment defense in unavailable to Phoenix Warehouse because it never claimed that Sears Logistics owed the money at issue.

        **c.**      **Sears Logistics did not have full knowledge of the facts when it made the payments.**

The factual allegations also show that Sears Logistics did not have full knowledge of the facts when it made the excess payments. *See Arlington Video*, 569 Fed. Appx. at 389 (quoting *Scott*, 284 F. Supp. 2d at 894). In *Nationwide*, the court stated that "[a] mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts." *Nationwide*, 67 Ohio App.2d at 102-103 (citation omitted). The court applied the voluntary-payment doctrine in *Nationwide* because all the relevant facts "were known and considered" by the plaintiff. *Id.* at 103. The allegations in the complaint do not support the conclusion that Sears Logistics knew and considered all the relevant facts before making the excess payments to Phoenix Warehouse. Sears Logistics alleges that it made the payments without considering the Amendment to Lease. (*See* Doc. 1, Complaint at ¶ 12.) "[T]he voluntary payment doctrine cannot be applied at the pleadings stage when the record does not conclusively establish the plaintiff's full knowledge of the facts." *Wears Kahn*, 2013 U.S. Dist. LEXIS 55628, at *13 (construing *Connectivity Sys., Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 U.S. Dist. LEXIS 7829 (S.D. Ohio Jan. 26, 2011)). The Court should deny Phoenix Warehouse's motion to dismiss because the allegations in the complaint do not conclusively establish that Sears Logistics had full knowledge of the facts at the time it made the overpayments.

        **d.**      **The Court must apply Ohio law.**

Phoenix Warehouse's voluntary-payment defense fails because Sears Logistics made a factual mistake. It also fails because Phoenix Warehouse did not claim any right to the overpayments. Given

the lack of support for the voluntary-payment defense under Ohio law, Phoenix Warehouse asks the Court to apply Pennsylvania and New York law. Phoenix Warehouse wrongly contends that "Pennsylvania's voluntary payment doctrine . . . does not differ from Ohio's doctrine." (Doc. 4, Motion to Dismiss at 5) In fact, Pennsylvania law differs from Ohio law in two significant respects. First, unlike Ohio, Pennsylvania does not require the payee to have made a claim of right to the payment. Ohio courts consistently recite this element. The Pennsylvania cases Phoenix Warehouse cites do not. Second, Pennsylvania law applies the doctrine against "one who has voluntarily paid money with full knowledge, *or means of knowledge* of all the facts." *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 603 Pa. 198, 214, 983 A.2d 652, 661 (2009) (emphasis added). By considering a payor's "means of knowledge," Pennsylvania imposes a greater burden that does not exist under Ohio law. Ohio law permits a payor to recover even if it has been negligent. *See Firestone*, 159 Ohio St. at 439; *Forge Prop.*, 114 Ohio App.3d at 557. For the same reasons, the Court also should disregard the New York cases cited by Phoenix Warehouse. Here again, Phoenix Warehouse seeks to impose additional burdens that do not exist under Ohio law. Sears Logistics has stated a claim for relief under Ohio law.

Phoenix Warehouse has no equitable right to retain the funds, and it would be unjust for Phoenix Warehouse to retain the funds and not provide restitution. *See Maghie & Savage, Inc. v. P.J. Dick Inc.*, 10th Dist. Franklin No. 08AP-487, 2009-Ohio-2164, 2009 Ohio App. LEXIS 1817, ¶ 33 (citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984)) (identifying elements for unjust enrichment). The money here belongs to Sears Logistics, and Phoenix Warehouse can show no legal or equitable right to retain it. Phoenix Warehouse "ought in equity and good conscience, to pay it over." *LaCour*, 131 Ohio App.3d at 52 (quoting *Firestone*, 159 Ohio St. at 434).

### B. Sears Logistics' equitable claim is proper because the parties' contract does not govern the subject of the claim.

Phoenix Warehouse also argues that Sears Logistics' claim should be dismissed because an express contract governs the parties' relationship. This argument ignores that Sears Logistics' claim does not arise under the parties' contractual relationship. A claim for money had and received can arise under Ohio law even if the parties have a contractual relationship: "Ohio recognizes a cause of action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched." *W. Ohio Colt Racing*, 2009-Ohio-1303, 2009 Ohio App. LEXIS 1168, at ¶ 53 (citing *Hummel*, 133 Ohio St. at 528). Indeed, "[a] cause of action for money had and received lies when a one receives money from another *without valuable consideration given* on the receiver's part." *Hameroff*, 1996 Ohio App. LEXIS 4598, at *6 (citing *Hummel*) (emphasis added). By definition, then, the claim is not governed by a contract.

Phoenix Warehouse's argument is premised on the belief that Sears Logistics' equitable claim is "governed by an express contract." *See Maghie & Savage*, 2009-Ohio-2164, 2009 Ohio App. LEXIS 1817, at ¶ 33. But Sears Logistics' claim is based on payments it made outside the terms of the parties' contract. Phoenix Warehouse did not give consideration for those payments (Doc. 1, Complaint at ¶ 18), and Sears Logistics cannot recover them under a breach-of-contract theory. The Court should not dismiss Sears Logistics' claim based on the fact that it arises in equity.

### Conclusion

In the words of the Supreme Court of Ohio, Phoenix Warehouse cannot retain the overpaid funds "in equity and good conscience." *Firestone* at 434. Phoenix Warehouse has no legal or equitable claim to the money and has enjoyed interest-free use of funds over the course of six years. The facts here show that Phoenix Warehouse has been unjustly enriched, and Sears Logistics is entitled to restitution. The Court should deny Phoenix Warehouse's motion to dismiss.

In the alternative, if the Court finds the complaint fails to properly plead a claim against Phoenix Warehouse, Sears Logistics requests leave to amend its complaint. "[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 513 (6th Cir. 2012) (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). Sears Logistics, therefore, has the right to amend its complaint to the extent the Court deems it insufficient.

    Respectfully submitted,

    *s/ Gregory P. Mathews*
    Charles E. Ticknor, III (0042559)
    Gregory P. Mathews (0078276)
    DINSMORE & SHOHL, LLP
    191 W. Nationwide Boulevard, Suite 300
    Columbus, Ohio 43215
    Phone: (614) 628-6880
    Fax:    (614) 628-6890
    charles.ticknor@dinsmore.com
    gregory.mathews@dinsmore.com
    *Attorneys for Plaintiff Sears Logistics Services, Inc.*

## Certificate of Service

I certify that on October 17, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to:

    Edward G. Hubbard
    Lane, Alton & Horst LLC
    ehubbard@lanealton.com
    *Attorney for Defendant Phoenix Warehouse*

    *s/ Gregory P. Mathews*
    An Attorney for Plaintiff