## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SEARS LOGISTICS SERVICES, INC.** : | | |
| Plaintiff, : | | |
| vs. : | Case No. 2:14CV-999 | |
| **PHOENIX WAREHOUSE,** : | Judge Watson | |
| Defendant. : | Magistrate Judge Kemp | |

**DEFENDANT PHOENIX WAREHOUSE'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC # 5)**

Plaintiff Sears Logistics Services, Inc. ("Sears") responds to the motion to dismiss by misapplying case law and making unsupported allegations of fact in an attempt to state an equitable claim against Defendant Phoenix Warehouse ("Phoenix"). An equitable claim is not permitted given the existence of a contract between the parties. Sears should not prevail.

**A. Sears's sole equitable claim is barred by the existence of the contract.**

An equitable claim for money had and received or unjust enrichment is barred because the subject matter at issue is governed by a contract. To avoid this result, Sears cites three "contract" cases in which equitable remedies are sought. But all three cases involve quasi-contractual claims, and as such, appropriately consider an equitable remedy, see, e.g., Hameroff/Milenthal/Spence, Inc. v. Grigg,[1] (because the parties never entered into this agreement, appellee did not receive valuable

---
[1] 1996 Ohio App. LEXIS 4598 (Ohio Ct. App., Franklin County Oct. 15, 1996).

consideration from appellant for the $15,000 loan); *Hummel v. Hummel*,[2] (oral contract was unenforceable because it was not capable of being performed within a year and that no action can be maintained thereon…further question is presented whether there arose a quasi-contractual relation….upon which could be predicated an action…for money had and received); *W. Ohio Colt Racing Ass'n v. Fast*,[3] (WOCRA acknowledges that while there was no contract between itself and First Financial, this Court should imply a contract at law or a constructive trust.)

In contrast to the cases cited by Sears, here there is a specific contract in existence between the parties that governs the subject matter in this case - the rent. <u>The very fact that Sears attached the lease and amendment to the complaint is the best evidence of this</u>.  In the event of a conflict between the bare allegations of the complaint and any exhibit attached pursuant to Fed. R. Civ. P. 10(c), the exhibit trumps the allegations. *Rider v. HSBC Mortg. Corp. (USA)*.[4]  An overpayment of rent does not take the subject matter outside of the contract.  Either party may over or under perform on any number of the contractual terms, but doing so does not render that performance a matter for equity – it remains a contract matter.  By definition, contract claims always involve one or both parties varying from the terms of the contract.  To claim that a variance from a contract term is an equitable matter vitiates the concept of a contract claim.  If Sears expanded its operational footprint beyond the premises identified in the lease, it would be a breach of contract claim. If Sears stayed in the premises longer than called for, it would be a breach of contract claim.  If Sears used more utility service than provided for in the lease, it would be a breach of contract claim.  Rent is one of the

---

[2] 133 Ohio St. 520, 525 (Ohio 1938).
[3] 2009-Ohio-1303, P56 (Ohio Ct. App., Mercer County 2009).
[4] 2013 U.S. Dist. LEXIS 105747 (S.D. Ohio July 29, 2013).

indispensable and essential terms of a lease contract and an action based upon rent is a contractual action, precluding any equitable remedy.

Given that Sears only asserts an equitable remedy, it failed to state a claim under Ohio law, and the application of the voluntary payment doctrine as a defense to the equitable claim should not be reached. Even if the Court were to apply the doctrine, the result should be the same – Sears's complaint has failed to state a claim entitling it to the return of the funds because its complaint demonstrates that it made the payment with full knowledge of the facts.

**B. Sears had full knowledge of the facts when it made the payments.**

Sears claims that "the factual allegations also show that Sears Logistics did not have full knowledge of the facts when it made the excess payments." Doc. #5 at p. 8. There are 14 paragraphs in the "Factual Background" of the complaint, and not one alleges that Sears was unaware of the rent rate called for under the amendment at any time. Doc. # 1. To the contrary, Sears states that "Sears and Phoenix Warehouse agreed to amend the lease….and to decrease the rental rate…." *Id.* at ¶9. The only allegation contained within the complaint regarding lack of knowledge is that "for reasons unknown, the payment system never was updated to reflect the new rate." *Id.* at ¶12.

More to the point, Sears signed the lease amendment that it attached to the complaint. One who accepts a written contract is conclusively presumed to know its contents. *Haskins v. Prudential Ins. Co. of Am.*[5] "When a party with knowledge of the facts, but without legal liability to do so, pays money voluntarily, that person has no claim to recovery for the monies so paid." *Wears Kahn McMenamy & Co. v. JPMorgan*

---

[5] 230 F.3d 231, 239 (6th Cir. Ohio 2000), citing 17A Am. Jur. 2d Contracts § 224 (1991).

3

*Chase Bank, N.A.*[6] Sears does not claim that it did not know what the rent rate was. At best, it claims that it does not know why it didn't pay the rent rate that it knew, as a matter of fact and law, to be applicable. As such, it has no claim for recovery.

**C. Sears did not make a mistake of fact.**

Sears cites three cases in support of claim that it made a mistake of fact, rather than a mistake of law, but none are dispositive. In *Bank One Trust Co., N.A. v. LaCour*,[7] the issue is whether a mutual mistake by both parties would allow or prevent recovery of funds, but there is no clear evidence that the payee asserted that the payment was a mistake of law at any juncture and the claim was not raised on appeal.

In *Case Western Reserve University v. Friedman*,[8] there is simply insufficient information to provide any precedential value, as the court notes that a clerical error was alleged and then finds that "said allegation stated a mistake of fact for which Ohio law allows recovery." In *Sheet Metal Workers Local 98 v. Whitehurst*,[9] the court did reach a contrary result to the result urged here, but that case is an outlier, given the clear language of the cases cited by Phoenix, i.e., "A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Nationwide Life Ins. Co. v. Myers.*[10]

Sears, having full knowledge of the facts, paid an amount other than the rent owed under the lease amendment because it made a mistake in constructing the terms of the contract. This is a mistake of law

---

[6] 2013 U.S. Dist. LEXIS 55628 (S.D. Ohio Apr. 18, 2013).
[7] 131 Ohio App. 3d 48 (Ohio Ct. App., Franklin County 1999).
[8] 33 Ohio App. 3d 347 (Ohio Ct. App., Lake County 1986).
[9] 2004-Ohio-191(Ohio Ct. App., Knox County, Jan. 16, 2004).
[10] 67 Ohio App. 2d 98 (Ohio Ct. App., Summit County 1980).

**D. Phoenix agrees that the Court should apply Ohio Law.**

Ohio law applies here and should result in the dismissal of the complaint. Phoenix cited law from other jurisdictions applying the same doctrine in the context of lease overpayments, because the fact pattern at issue is exceedingly rare. Sears attempts to avoid this result by arguing that the New York and Pennsylvania cases do not apply because they omit an Ohio requirement that the payee receive money under a "claim of right." Further, Sears argues that "Phoenix Warehouse does not argue that it made a 'claim of right' to the overpayments." Doc. # 5 at p. 7. *See also*, p. 8.

Sears's distinction is overstated. A claim of right is present here. Sear's cited Pennsylvania case may not explicitly refer to a "claim of right" but Pennsylvania's case law incorporates it, see, e.g. *In re Heights Deposit Bank*,[11] (A voluntary payment of money under a claim of right, cannot in general be recovered back.) As such, the Pennsylvania cases cited by Phoenix should not be disregarded.

Likewise, in Ohio, the "claim of right" formulation relied upon by Sears appears in some, but not all cases, *see In re Estate of Kangesser*,[12] and *Luebke v. Moser*,[13] both applying the doctrine without this formulation.

Sears made payments to satisfy its contractual obligations to Phoenix, i.e., it was paying because the contract established a claim of right for Phoenix. The fact that Sears made a mistake of law in miscalculating the amount of the payment does not void that claim of right. As such, the voluntary payment doctrine applies here.

---

[11] 140 Pa. Super. 133, 138 (Pa. Super. Ct.1940).
[12] 18 Ohio St.2d 139, 142 (1969).
[13] 74 Ohio App.3d 200, 203 (6th Dist.1991).

**Conclusion**

In *Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*,[14] this Court held that Ohio law does not allow parties to "seek damages under quasi-contractual theories of recovery" such as a claim of unjust enrichment when a contract governs the relationship. A contract governs the relationship between the parties here, including rent provisions. But Sears is only seeking a quasi-contractual theory of recovery and thus it has failed to state a claim. Even if the Court were to entertain Sears's equitable claim, it has again failed to state viable claim as the complaint demonstrates it made a mistake of law.

Likewise, the Court should deny Sears's request to amend the complaint. The cases cited by Sears allowing amendment as a remedy, allow the remedy only to avoid a dismissal with prejudice. Further, Sears presumably set forth all of its operative facts and claims within its original complaint – which fail to state a claim. As such, it is respectfully requested that the Court dismiss Sears's complaint for failure to state a claim.

Respectfully submitted,

**LANE, ALTON & HORST LLC**

/s/ Ed Hubbard

———————————————————
Edward G. Hubbard (0067784)
Two Miranova Place, Ste. 500
Columbus, Ohio 43215-7052
614-228-6885; 614-228-0146 fax
ehubbard@lanealton.com
***Trial Counsel for Defendant***

---

[14] 796 F. Supp. 1078, 1085 (S.D. Ohio 1992).

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was duly served via the court's electronic filing system on this 31st day of October, 2014, upon the following:

Charles E. Tichnor, III
Gregory P. Mathews
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, Ohio 43215
***Attorneys for Plaintiff***

                                        /s/ Ed Hubbard
                                        _____
                                        Edward G. Hubbard      (0067784)