**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Sears Logistics Services, Inc., | |
| Plaintiff, | Case No. 2:14-cv-999 |
| v. | Judge Watson |
| Phoenix Warehouse, | Magistrate Judge Kemp |
| Defendant. | RULE 26(F) REPORT OF THE PARTIES |

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on <u>November 3, 2014</u> and was attended by:

    <u>Gregory P. Mathews</u>, counsel for plaintiff <u>Sears Logistics Services, Inc.</u>

    <u>Edward G. Hubbard</u>, counsel for defendant <u>Phoenix Warehouse</u>

2. **Consent to Magistrate Judge**. The parties:

    ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

    ☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

3. **Initial Disclosures**. The parties:

    ☐ have exchanged the initial disclosures required by Rule 26(a)(1);

    ☒ will exchange such disclosures by <u>November 18, 2014</u>.

    ☐ are exempt from such disclosures under Rule 26(a)(1)(E).

    ☐ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

    None anticipated.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

None anticipated.

c. Recommended date for filing motions addressing jurisdiction and/or venue:

Not applicable.

5. **Amendments to Pleading and/or Joinder of Parties**

a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:

Plaintiff may seek leave to amend the complaint within 14 days after the Court decides Defendant's pending motion to dismiss, assuming the Court does not dismiss Plaintiff's complaint with prejudice. If Plaintiff seeks leave to amend its complaint, the deadline for Defendant to answer Plaintiff's original complaint would be stayed.

b. If class action, recommended date for filing motion to certify the class:   Not applicable.

6. **Recommended Discovery Plan**

a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

The parties anticipate conducting discovery on the circumstances and calculations of payments due and paid by Plaintiff to Defendant. The parties anticipate written discovery requests concerning the parties' respective lease files, internal and external correspondence related to their relationship, and record of payments made by Plaintiff to Defendant. In addition to written discovery, the parties anticipate conducting up to 2-3 depositions each.

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None at this time.

c. The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

None at this time.

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials**:

No unusual issues are known at this time.

      i.    Have the parties agreed on a procedure to assert such claims **AFTER** production?

☒ No

☐ Yes

☐ Yes, and the parties ask that the Court include their agreement in an Order.

    e.    Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

The parties intend to begin some written discovery while Defendant's motion to dismiss remains pending. The parties agree to defer depositions until the Court decides Defendant's motion to dismiss.

    f.    The parties recommend that discovery should proceed in **phases**, as follows:

Not applicable, except as indicated above.

    g.    Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

The parties do not anticipate expert testimony but reserve the right to retain and use expert testimony as discovery progresses.

      i.    Recommended date for making **primary expert designations**:

June 1, 2015

      ii.    Recommended date for making **rebuttal expert designations**:

July 1, 2015

    h.    Recommended discovery **completion date:** July 31, 2015

7. **Dispositive Motion**(s)

    a.    Recommended date for filing dispositive motions: August 28, 2015

8. **Settlement Discussions**

    a.    Has a settlement demand been made? \_\_\_\_Yes\_\_\_\_ A response? \_\_\_\_\_Yes\_\_\_\_.

    b.      Date by which a settlement demand can be made:  Not applicable.

    c.      Date by which a response can be made:  Not applicable.

9. **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the

☒     March 2015                      Settlement week

☐     June 20                           Settlement week

☐     September 20                Settlement week

☐     December 20                 Settlement week

10. **Other matters for the attention of the Court**:

None at this time.

**Signatures**:

Attorney(s) for Plaintiff(s):                         Attorney(s) for Defendant(s):

/s Charles E. Ticknor, III                        /s Edward G. Hubbard
Ohio Bar#   0042559                               Ohio Bar#    0067784
Trial Attorney for Sears Logistics Servs., Inc.     Trial Attorney for Phoenix Warehouse

/s Gregory P. Mathews
Ohio Bar#   0078276
Trial Attorney for Sears Logistics Servs., Inc.