UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sears Logistics Services, Inc.,

    Plaintiff,

v.

Phoenix Warehouse,

    Defendant.

Case No. 2:14–cv–999

Judge Michael H. Watson

## OPINION AND ORDER

Sears Logistics Services, Inc. ("Sears") sues Phoenix Warehouse ("Phoenix") seeking restitution of overpaid rent. Phoenix moves to dismiss Sears' claim. ECF No. 4. For the following reasons, the Court **DENIES** Phoenix's motion.

## I. BACKGROUND

The following facts are taken from Sears' complaint, ECF No. 1.

Sears and Phoenix are successors in interest to an Industrial Building Lease ("Lease") pursuant to which Sears now leases a 758,000 square foot building from Phoenix.

The initial term of the Lease was ten years. The Lease then provided Sears with four additional five-year option periods, with the rental rate increasing for each successive period.

The Lease provided that the rental rate was $3.05 per square foot during the second option period and $3.35 per square foot during the third option period.

In June 2007, during the second option period, Sears and Phoenix amended the Lease to extend the third option period from five years to seven years and to decrease the rental rate from $3.35 per square foot to $3 per square foot ("the Lease Amendment").

Instead of decreasing its monthly payments for the third period in accordance with this amendment, Sears mistakenly made payments at the pre-amendment rate of $3.35 per square foot.

Sears made the payments automatically through an electronic payment system that was programmed to increase the payment amount according to the initial terms of the Lease. For reasons unknown, the payment system was never updated to reflect the new rate in accordance with the Lease Amendment.

Sears made these overpayments for six years, resulting in overpaid rent to Phoenix in the amount of $1,591,799.70. Sears discovered the mistake in 2014 and demanded restitution of the overpaid funds, but Phoenix refused. Sears now brings the instant action to compel recovery of the funds.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged . . . ." *Id.* at 557–58 (internal citations omitted).

### III. ANALYSIS

Sears styles its claim for recovery of the overpaid rent as one for "money had and received/unjust enrichment." Compl., ECF No. 1.

Phoenix moves to dismiss this claim on two grounds: (1) recovery is barred by the voluntary payment doctrine, and (2) the existence of the Lease precludes Sears' equitable claim.

### A. Sears' Claim and the Voluntary Payment Doctrine

> Ohio recognizes a cause of action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 14 N.E.2d 923. This cause of action is one based in equity, not on a contractual but rather a moral obligation to make restitution where keeping the benefits would result in inequity or injustice. *Id.* at 526, 14 N.E.2d 923. Therefore, a party may be held not liable on the contract, but nevertheless, be liable in equity. *Id.*

*W. Ohio Colt Racing Assn. v. Fast*, No. 10–08–15, 2009 WL 737776, at *13 (Ohio Ct. App. Dist. 3 Mar. 23, 2009). An action for "money had and received" is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment. *Drozeck v. Lawyers Title Ins. Corp.*, 140 Ohio App. 3d 816, 823 (Ohio Ct. App. Dist. 8 Dec. 28, 2000) (citing *Hummel v. Hummel*, 133 Ohio St. 520, 526–27 (1938)).

Under this theory of relief, "[w]here money is paid by mistake, neither party being in fault, the party paying the money may recover it as money paid without consideration . . . ." *Firestone Tire & Rubber Co. v. Cent. Nat. Bank of Cleveland*, 159 Ohio St. 423, 433 (1953) (citation omitted). "The generally accepted test which determines whether a recovery may be had is whether the defendant, in equity and good conscience, is entitled to retain the money to which the plaintiff asserts claim." *Id.* at 434 (citation omitted).

Phoenix argues that Sears' claim for restitution under this theory is barred by the voluntary payment doctrine. The voluntary payment doctrine provides that "'[i]n the absence of fraud, duress, compulsion or *mistake of fact*, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay.'" *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 894 (S.D. Ohio 2003) (quoting *State ex rel. Dickman v. Defenbacher*, 151 Ohio St. 391, 395 (1949)) (emphasis added); *see also Wears Kahn McMenamy & Co. v. JPMorgan Chase Bank, N.A.*, No. 2:12–cv–812, 2013 WL 1689030, at *4 (S.D. Ohio Apr. 18, 2013). In other words, voluntary payment made as a result of a mistake of fact may be recoverable, but voluntary payment made as a result of a mistake of law is not.

The parties dispute whether Sears' overpayments were the result of a mistake of law or fact.

"A mistake of law is defined as 'a mistake of a person who knows the facts of the case but is ignorant of their legal consequence. Thus, payment made by reason of wrong construction of terms of contract is made under mistake of law.'" *Sheet Metal Workers Local 98, Pension Fund v. Whitehurst*, No. 03 CA 29, 2004 WL 77877, at *5 (Ohio Ct. App. Dist. 5 Jan. 16, 2004) (citing 69 Ohio Jurisprudence 3d (1986) 13–14, Mistake, Section 9).

"[A] mistake of fact is defined as a mistaken supposition of the existence of a specific fact." *Id.* (citing *Firestone Tire & Rubber Co. v. Cent. Natl. Bank of*

*Cleveland* (1953), 159 Ohio St. 423, paragraph two of the syllabus); *see also*, *Consol. Mgt. Inc. v. Handee Marts, Inc.*, 109 Ohio App. 3d 185, 189 (Ohio Ct. App. Dist. 3 (1996)) (internal quotation marks and citation omitted).

Phoenix asserts that the overpayments resulted from Sears' improper interpretation of the Lease Amendment and consequential miscalculation of the rent amount. The complaint does not contain any allegations to that effect, but Phoenix points to allegations indicating that Sears was aware of the Lease Amendment, seemingly arguing that the only explanation for the overpayment is that Sears misinterpreted its terms.

Phoenix is correct that if Sears' overpayment resulted from the misinterpretation of the Lease terms, then the overpayments resulted from a mistake of law, and the voluntary payment doctrine bars recovery. Sears' complaint, however, contains allegations indicating that the overpayments were caused by something other than a misinterpretation of the Lease. Specifically, Sears alleges that during the time period that it overpaid rent, it was making rent payments "automatically through an electronic payment system that previously had been programmed to increase the payment amount consistent with the unamended Lease." Compl. ¶ 12, ECF No. 1. It further alleges that "[f]or reasons unknown, the payment system never was updated to reflect the new rate as agreed to in the Amendment to Lease." *Id.* Sears did not discover this mistake until 2014, at which time it began paying the proper rental rate. *Id.* ¶ 15.

Assuming these allegations to be true and construing them in the light

most favorable to Sears, which the Court is required to do at this stage, it can be reasonably inferred that between 2008 and 2014, Sears mistakenly believed that its electronic payment system was making payments to Phoenix at the correct rental rate. Ohio courts have found this type of mistake to be a mistake of fact. *See Sheet Metal Workers Local 98, Pension Fund*, 2004 WL 77877, at *4–5 (finding overpayments to be the result of a mistake of fact where the overpayments were caused by the appellee's failure to delete from its computer system an instruction to send appellant the payments); *Case Western Reserve Univ. v. Friedman*, 33 Ohio app. 3d 347, 348 (Ohio Ct. App. Dist. 11 Nov. 21, 1986) (finding overpayments to be the result of a mistake of fact where they were made due to a clerical error).

In sum, it is plausible that Sears' overpayments were the result of a mistake of fact. Therefore, the Court cannot find at this stage that Sears' claim is barred by the voluntary payment doctrine and thus declines to dismiss its claim on that ground.

## B. The Existence of the Lease

Phoenix next moves to dismiss Sears' claim on the ground that it is based on the same subject matter governed by the Lease.

Sears' claim for "money had and received/unjust enrichment" is one in quasi-contract. "It is well settled that a party may not recover in quasi-contract in the face of an express contract governing the same subject matter." *U.S.A.*

*Parking Sys., Inc. v. Pitney Bowes Global Fin. Servs., Inc.*, No. 1:09CV2274, 2010 WL 918093, at *4 (N.D. Ohio Mar. 10, 2010) (citing Ohio cases).

Phoenix argues that because the Lease and Lease Amendment govern the subject matter at issue in Sears' claim—the relationship between the parties and the rental rate for the building—recovery under its quasi-contract claim is barred.

Phoenix's argument is not well taken. As Sears explains, its claim does not arise under the parties' contractual relationship, as it is based on payments made outside the terms of Lease that cannot be the subject of a breach of contract claim. In other words, the Lease cannot afford Sears the recovery it seeks through its "money had and received/unjust enrichment" claim. *See City of Cincinnati v. Cincinnati Reds*, 19 Ohio App. 3d 227, 231 (Ohio Ct. App. Dist. 1 April 4, 1984) ("[T]he theory of quasi-contract or unjust enrichment is not available *when an express contract will afford the complainant the same recovery.*") (citation omitted) (emphasis added). Accordingly, the Court declines to dismiss Sears' claim on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Phoenix's motion to dismiss, ECF No. 4.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**