UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SEARS LOGISTICS SERVICES, INC.** | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:14CV-999 |
| **PHOENIX WAREHOUSE,** | : | Judge Watson |
| Defendant. | : | Magistrate Judge Kemp |
| | : | **JURY DEMAND ENDORSED HEREIN** |

## ANSWER OF DEFENDANT PHOENIX WAREHOUSE

Defendant Phoenix Warehouse ("Phoenix") for its answer to Plaintiff Sears Logistics Services, Inc.'s Complaint, states as follows:

## FIRST DEFENSE

1. Denies for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

1

10. Admit.

11. Defendant states that the Amendment speaks for itself and denies any remaining allegations within Plaintiff's Paragraph 11 for want of knowledge.

12. Deny for want of knowledge.

13. Admits only that Plaintiff transmitted monthly payments of $211,608.33 to Defendant for 72 months.

14. Admit that Defendant did not notify Plaintiff that Plaintiff was transmitting $211,608.33 monthly payments to Defendant for 72 months but denies any remaining allegations within Plaintiff's paragraph 14 as conclusions of law couched as factual allegations.

15. Admit only that Plaintiff began paying monthly payments to Defendant in June 2014 in the amount of $189,500.00.

16. Admit only that Plaintiff has demanded payment of funds that it sent to Defendant and deny the remaining allegations of Plaintiff's Paragraph 16 as conclusions of law couched as factual allegations.

**SECOND DEFENSE**

17. Incorporates by reference the above paragraphs of this Answer as if fully rewritten herein, in response to Paragraph 17 of the Plaintiff's Complaint.

18. Deny.

19. Deny.

20. Deny the allegations of Plaintiff's Paragraph 20 as conclusions of law couched as factual allegations.

21. Deny the allegations of Plaintiff's Paragraph 21 as conclusions of law couched as factual allegations.

22. Deny the allegations of Plaintiff's Paragraph 22 as conclusions of law couched as factual allegations.

23. Deny the allegations of Plaintiff's Paragraph 23 as conclusions of law couched as factual allegations.

24. Deny.

25. Denies any allegations contained within the Plaintiff's Complaint not specifically admitted to herein.

**THIRD DEFENSE**

26. Defendant reasserts and realleges each and every statement and defense asserted above.

27. Plaintiff's claims are barred by Plaintiff's conduct, whether such conduct is characterized as contributory negligence or assumption of the risk.

**FOURTH DEFENSE**

28. Defendant reasserts and realleges each and every statement and defense asserted above.

29. Recovery by Plaintiff is barred by the intervening and superseding conduct of others.

**FIFTH DEFENSE**

30. Defendant reasserts and realleges each and every statement and defense asserted above.

31. Plaintiff failed to mitigate its damages.

**SIXTH DEFENSE**

32. Defendant reasserts and realleges each and every statement and defense asserted above.

33. Plaintiff fails to state a claim against this Defendant upon which relief can be granted.

**SEVENTH DEFENSE**

34. Defendant reasserts and realleges each and every statement and defense asserted above.

35. Plaintiff's claims are barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

36. Defendant reasserts and realleges each and every statement and defense asserted above.

37. Plaintiff's claims are barred by waiver, laches, release, estoppel, and/or accord and satisfaction.

**NINTH DEFENSE**

38. Defendant reasserts and realleges each and every statement and defense asserted above.

39. Plaintiff's equitable claims are barred by the existence of a written agreement.

**TENTH DEFENSE**

40. Defendant reasserts and realleges each and every statement and defense asserted above.

41. Plaintiff's claims are barred as it made voluntary payments and/or a mistake of law.

**ELEVENTH DEFENSE**

42. Defendant reasserts and realleges each and every statement and defense asserted above.

43. Plaintiff's claims are barred as Defendant detrimentally changed its position in reliance on the payments.

        Respectfully submitted,

        **LANE, ALTON & HORST LLC**

        */s/ Edward G. Hubbard*
        _____
        Edward G. Hubbard    (0067784)
        Two Miranova Place, Ste. 500
        Columbus, Ohio 43215-7052
        614-228-6885; 614-228-0146 fax
        ehubbard@lanealton.com
        ***Trial Counsel for Defendant***

**JURY DEMAND**

Defendant hereby demands a trial by jury in this action as to all issues so triable.

        */s/ Edward G. Hubbard*
        Edward G. Hubbard    (0067784)

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was duly served via the court's electronic filing system on this 18th day of May, 2015, upon the following:

Charles E. Tichnor, III
Gregory P. Mathews
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, Ohio 43215
***Attorneys for Plaintiff***

                              */s/ Edward G. Hubbard*
                              Edward G. Hubbard    (0067784)