**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Sears Logistics Services, Inc.

        Plaintiff,                                          Case No. 2:14-cv-999

      vs.                                                Judge Watson

Phoenix Warehouse,                          Magistrate Judge Kemp

        Defendant.

**NOTICE OF DEPOSITION OF NONINDIVIDUAL LEGAL ENTITY**
**(Fed. R. Civ. P. 30(b)(6))**

**TO ALL PARTIES AND TO**
**THEIR ATTORNEYS OF RECORD**:

    **TAKE NOTICE** that Phoenix Warehouse will take the deposition of Sears Logistics Services, Inc. representative JoAnn Catanese, on August 26, 2015 at 1:00 p.m. CET at the offices of Dinsmore & Shohl, LLP, 227 W. Monroe Street, Suite 3850, Chicago, IL 60606.

    The deposition or depositions will continue from day-to-day until complete and will be taken before a notary public who will record the deposition stenographically.

    Under the provisions of Rule 30(b)(6), Sears Logistics Services, Inc. is required to identify and produce for deposition one or more officers, directors, managing agents, or other agents and employees who consent to testify on its behalf and are the officers, directors, agents, or employees most knowledgeable as to the following matters:

1. The general operating and functioning of the electronic payment system referenced in Paragraph 12 of Plaintiff's Complaint.

2. The date(s) each amount to be paid as rent to Phoenix Warehouse, including

1

but not limited to payment of rent at a rate of $3.35 a square foot, was programed in to the electronic payment system referenced in Paragraph 12 of Plaintiff's Complaint, and the person or persons who entered those amounts.

3. The policies and procedures in place with regard to entering Lease information into the electronic payment system, including those procedures or policies to insure that rent to be paid to Phoenix Warehouse was in conformance with the applicable Lease provisions or the amendments to the Lease and/or any modifications to the Lease or amendments thereto.

4. The basis for Sears Logistics Services, Inc.'s claim that the electronic payment system was never updated to reflect the rate agreed to in the Lease.

5. The investigation undertaken by Sears Logistics Services, Inc. as to its failure to update the electronic payment system.

6. If applicable, the policy or practice of Sears Logistics Services, Inc. to enter payment instructions for optional Lease terms in advance of the commencement of such Lease terms.

7. Any factual basis to dispute Defendant's contention that payment of rent at a rate of $3.35 a square foot was the result of a misinterpretation of the terms of the Lease and amendments thereto.

8. Any factual basis supporting the contention that payment to Phoenix Warehouse (at the equivalent of $3.35 a square foot for the premises) was the result of a failure to update the payment system, other than the fact that payment at a rate of $3.00 a square foot was not made as of June 6, 2008.

Respectfully submitted,

/s/ *Ed Hubbard*

_____
Edward G. Hubbard	(0067784)
**LANE, ALTON & HORST LLC**
Two Miranova Place, Ste. 500
Columbus, Ohio 43215-7052
614-228-6885; 614-228-0146 fax
ehubbard@lanealton.com
*Trial Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was duly served via email on this 29th day of July, 2015, upon the following:

Charles E. Tichnor, III
Gregory P. Mathews
**DINSMORE & SHOHL, LLP**
191 W. Nationwide Blvd., Ste. 300
Columbus, Ohio 43215
*Attorneys for Plaintiff*

/s/ *Ed Hubbard*

_____
Edward G. Hubbard	(0067784)