IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sears Logistics Services, :
Inc.,

      Plaintiff, : Case No. 2:14-cv-999

  v. :

Phoenix Warehouse, : JUDGE MICHAEL H. WATSON
                                    Magistrate Judge Kemp
      Defendant. :

OPINION AND ORDER

This matter is before the Court on a motion to substitute filed by Sears Logistics Services, Inc. ("Sears") (Doc. 30). Phoenix Warehouse ("Phoenix") filed an opposition to the motion (Doc. 36), and Sears filed a reply brief (Doc. 38). Consequently, the motion has been briefed fully and is ripe for resolution. For the reasons that follow, the Court will construe the motion to substitute to be a motion for leave to amend, and the Court will grant the motion.

I. Background

On September 4, 2015, Sears filed a motion requesting that this Court substitute Innovel Solutions, Inc. as the proper party plaintiff in this case due to a corporate name change. (Doc. 30). Phoenix filed an opposition to the motion on the ground that the motion was improperly brought as a motion to substitute, as opposed to a motion for leave to amend. (Doc. 36). In the opposition, Phoenix argues that "the proper vehicle to address Plaintiff's misnomer is a motion to amend, as opposed to substituting a party (given it is the same party with a new name)." Id. at 1. Phoenix further indicated that it would not oppose a motion for leave to amend or an order by the Court sua sponte amending the name of the party plaintiff. In reply, Sears

maintains that amendment is not required and that substitution is the proper mechanism by which to accomplish the name change. Sears does, however, state that "if the Court determines that substitution requires an amended pleading, [it] certainly is willing to file one." (Doc. 38 at 2).

## II. Discussion

Rule 15(a) of the Federal Rules of Civil Procedure generally governs motions to amend a pleading. Rule 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." Under Rule 15(a), the Court has discretion as to whether to grant amendment. See Lee v. Shulman, 2013 WL 1773615, at *3 (W.D. Tenn. Apr. 5, 2013), citing Robinson v. Mich. Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990)("Decisions as to when justice requires amendment are left to sound discretion of the trial judge"). At least one court within this district has held that amendment is the proper mechanism for reflecting a corporate name change in pending litigation. See B.F. Goodrich FlightSystems, Inc. v. Insight Instruments Corp., 1992 WL 193112, at *1 (S.D. Ohio Feb. 25, 1992)(Kinneary, J.). Courts outside of the Sixth Circuit have also adopted this view. See e.g., Wilson Distilling Co. v. Foust Distilling Co., 60 F. Supp. 373, 374 (M.D. Pa. 1945) (granting plaintiff's motion to amend "for the purpose of reflecting in the pleadings the change in corporate name which has taken place during the pendency of this litigation"); Chiquita Int'l Ltd. v. M/V Cloudy Bay, 2009 WL 3241541, at *3 (S.D.N.Y. Sept. 30, 2009) (granting the motion to amend and finding that amending the case caption to reflect corporate name change would not unduly prejudice the defendants).

As set forth above, to the extent that the Court may construe the motion to substitute to be a motion for leave to

amend, Phoenix does not oppose it.  Thus, the Court will construe the motion to substitute filed by Sears to be a motion for leave to amend, and the Court, in its discretion, will grant the motion.  Consequently, the case caption and all filings in this proceeding will be amended such that the name Innovel Solutions, Inc. will appear in place of the name Sears Logistics Services, Inc.

### III. Conclusion

For the reasons set forth above, the Court construes the motion to substitute to be a motion for leave to amend.  The motion is granted, and the case caption and all filings in this proceeding are amended such that the name Innovel Solutions, Inc. appears in place of the name Sears Logistics Services, Inc. (Doc. 30).

### IV. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp  
United States Magistrate Judge