UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Innovel Solutions, Inc.,

    Plaintiff,

v.                                              Case No. 2:14–cv–999

Phoenix Warehouse,                    Judge Michael H. Watson

    Defendant.

## ORDER SETTING TRIAL DATE

Counsel shall carefully read this order, note the deadlines set forth, and adhere to it. Failure to comply may result in the imposition of sanctions. Fed. R. Civ. P. 16(f).

### Summary:

| | |
|---|---|
| **Tuesday, December 6, 2016** | Counsel shall file: Motions in limine; stipulations; witness statements; exhibit lists; deposition designations; joint jury instructions and proposed supplemental jury instructions |
| **Tuesday, December 13, 2016** | Counsel shall file: Memoranda contra motions in limine; objections to deposition designations; objections to supplemental jury instructions; joint proposed final pretrial order |
| **Tuesday, December 20, 2016 at 11:00 a.m.** | Final pretrial conference |
| **Wednesday, January 18, 2017 by 5:00 p.m.** | Counsel to deliver one tabbed exhibit binder to opposing counsel, and three tabbed exhibit binders to the Court |
| **Monday, January 23, 2017 at 9:30 a.m.** | Trial—voir dire, opening statements, and presentation of evidence |

**Trial Date.** This matter is set for a final pretrial conference on **Tuesday, December 20, 2016 at 11:00 a.m.** Voir dire and trial shall begin on **Monday, January 23, 2017 at 9:30 a.m.** Counsel shall be present at **9:00 a.m.** to discuss any preliminary issues with the Court.

The Court will not continue the trial date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the exceptional circumstances.

Under the Speedy Trial Act, 18 U.S.C. § 3161–3174, and Federal Rule of Criminal Procedure 50, the Court will give preference to any criminal matters it has set to take place the same time as the trial in this case. Fed. R. Civ. P. 40.

All requests for continuances and questions concerning deadlines and scheduling shall be directed to the Court's Courtroom Deputy, Jennifer Kacsor, 614.719.3284.

**Expert Witnesses.** The parties shall comply fully with all of the requirements of Federal Rule of Civil Procedure 26(a)(2), including the required disclosures **at least ninety days before the trial** unless the Magistrate Judge has established an earlier deadline. Any motions challenging the admissibility of expert testimony under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), shall be filed not later than **sixty days before the trial date**. The Court will conduct the hearing on any *Daubert* motions prior to the Final Pretrial Conference at a date to be announced.

**Statement of Witnesses**. Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), **by Tuesday, December 6, 2016**, the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witness(es) they intend to call at trial, with a brief, two to three paragraph narrative summary of the witness' testimony, the purpose of that testimony, and the major issue about which the witness will testify. The Court may require a party to re-file a statement of witness(es) if the party fails adequately to describe a witness' testimony

in the summary. Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial. The witness lists shall comport with all of the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).

**Designation of Deposition Portions**. Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), **by Tuesday, December 6, 2016**, the parties shall submit to the Court, and serve on opposing counsel, the designations of any portions of depositions they intend to offer as evidence at trial.[1] Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a deposition at trial. The designation of deposition portions shall comport with all of the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).

**Exhibits**. The parties shall mark their documentary or physical evidence numerically in advance of trial. Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), each party shall exchange and file, by **Tuesday, December 6, 2016**, a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial. The exhibit lists shall comport with all of the requirements of Rule 26(a)(3)(A).

The parties shall attempt to agree to the authenticity and admissibility of documents. Those documents the parties agree should be presented to the jury shall be marked as Joint Exhibits.

The parties shall use three-ring tabbed notebooks for their exhibits. The parties shall provide the witness the relevant volume(s) when the witness takes the stand. **By Wednesday, January 18, 2017, at 5:00 p.m**, the parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court (one each for the Judge, courtroom deputy, and law clerk).

**Stipulations**. Counsel for the parties shall confer and reduce to writing all stipulations. The parties shall file any stipulations by **Tuesday, December 6, 2016**.

---

[1] This does not include the use of depositions to address credibility on cross-examination.

**Pretrial Motions**. Any motions in limine shall be filed by **Tuesday, December 6, 2016**. The memoranda contra any motions in limine shall be filed by **Tuesday, December 13, 2016**.

A party moving in limine shall submit only one motion in limine, the memorandum in support of which shall not exceed fifteen (15) pages in length. The moving party shall present all of its pretrial evidentiary objections in that single document. Similarly, a party opposing a motion in limine shall submit only one memorandum contra which shall not exceed fifteen (15) pages in length. The Court will not accept reply briefs for motions in limine.

**Jury Instructions**. Counsel shall meet, confer, and jointly submit one complete set of agreed upon proposed preliminary and final jury instructions by **Tuesday, December 6, 2016**. See Fed. R. Civ. P. 51.

If, after a concerted good faith effort, the parties are unable to agree upon one complete set of proposed instructions, they shall submit jointly one set of those instructions upon which they have agreed, and each party shall submit a supplemental set of instructions upon which they are unable to agree **by Tuesday, December 6, 2016**. Supplemental instructions shall include pinpoint citations to binding authority. The parties shall file any objections to the supplemental instructions by **Tuesday, December 13, 2016**.

**Final Pretrial Order**. The parties shall submit a joint proposed final pretrial order **by Tuesday, December 13, 2016**, using the "Final Pretrial Statement" form available at http://www.ohsd.uscourts.gov/judges/fpWatson.htm.

**Trial Briefs**. The Court will not require the parties to file trial briefs in this case.

**Voir Dire**. Jury selection will take place on the morning of the trial, **Monday, January 23, 2017** at **9:30 a.m.** The Judge will conduct a general voir dire examination. The Court will allow counsel to follow-up on the Court's examination with questions directed to the entire venire. See Fed. R. Civ. P. 47(a). The United States Magistrate Judge may conduct voir dire if other matters require the District

Judge's immediate attention. Counsel should contact the Jury Deputy, Frances Green, 614.719.3021, to obtain information about the availability of juror questionnaires.

**Challenges**. Any challenges for cause shall be directed at the entire panel. Each party shall be entitled to three (3) peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used. Peremptory challenges will be directed to the entire jury panel. When challenging a prospective juror, counsel shall refer to the prospective juror by name and number.

**Jury**. In most civil cases the Court will seat a jury of eight (8) members. In accordance with Federal Rule of Civil Procedure 48, all jurors shall participate in the verdict unless excused pursuant to Federal Rule of Civil Procedure 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous and no verdict shall be taken from a jury reduced in size to fewer than six (6) members.

**Sanctions**. The parties and counsel shall comply fully and literally with this pre-trial order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

**Other Matters**. The Court will consider adopting any other pre-trial and trial management procedures upon which the parties agree. See Fed. R. Civ. P. 16(c)(2). This order supercedes all previous orders in this case to the extent previous orders are inconsistent with this order.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**